FILED
2015 Oct-29  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,** ) | | |
| **ASO MATT GILLELAND AND GWEN** ) | | |
| **GILLELAND** ) | | |
| ) | | |
| **Plaintiff,** ) | **CASE NO. _____** | |
| ) | | |
| **v.** ) | | |
| ) | **Pending in the Circuit Court** | |
| ) | **of Jefferson County, Alabama** | |
| **INTERLINE BRANDS, INC., and** ) | **01-CV-2015-902568** | |
| **FICTITIOUS DEFENDANTS 1-10** ) | | |
| ) | | |
| **Defendants.** ) | | |

## NOTICE OF REMOVAL

COMES NOW, the Defendant Interline Brands, Inc. (hereinafter "Interline"), and hereby files this Notice of Removal of the above-styled case to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1441. As support, Interline shows the Court as follows:

1.     On September 24, 2015, Plaintiff Allstate Insurance Company ("Allstate") as subrogee of Matt Gilleland and Gwen Gilleland ("the Gillelands") filed an Amended Complaint adding Interline as a defendant in an action pending in the Circuit Court of Jefferson County, Alabama, styled *Allstate Insurance*

*Company aso Matt Gilleland and Gwen Gilleland v. NIBCO, INC.*, et al., 01-CV-2015-902568.  (See "Exhibit A," Plaintiff's Amended Complaint.)

2.      The Amended Complaint alleges a toilet supply line manufactured by NIBCO, INC. caused water damage in the home of its insureds, Matt and Gwen Gilleland.  (See "Exhibit A," at ¶¶ 6-8.)  Allstate alleges the toilet supply line failed due to a design or manufacturing defect, and Allstate seeks the recovery of insurance proceeds, totaling $78,570.79, that it paid to the Gillelands for the water damage.  (See "Exhibit A," at ¶ 7, 11 and pg. 5.)

3.      Allstate filed a Second Amended Complaint on September 28, 2015, alleging that the toilet supply line was manufactured by NIBCO, INC. and Interline.  (See "Exhibit B," Plaintiff's Second Amended Complaint, at ¶ 6.)

4.      Allstate voluntarily dismissed NIBCO as a defendant on September 29, 2015, leaving Interline and fictitious defendants as the remaining defendants in this action.  (See "Exhibit C," Pro Tanto Order of Dismissal.)[1]

5.      A copy of the Case Action Summary from the Circuit Court as of October 28, 2015, is attached hereto as "Exhibit D."

---

[1]   The case caption on this Notice of Removal is different from the case caption on the Amended Complaint and Second Amended Complaint because Allstate failed to include Interline Brands, Inc. as a defendant in the case caption of the Amended Complaint or Second after adding Interline as a defendant.  NIBCO, INC. has been voluntarily dismissed from this action.  Accordingly, to avoid confusion for this Court, Interline has altered the case caption to reflect the correct parties.

6.     A copy of the Circuit Court's entire file, including all process, pleadings, and orders, is attached hereto as "Exhibit E."

## GROUNDS FOR REMOVAL

7.     Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007).

8.     This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a), as Allstate and Interline are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.     The United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

## DIVERSITY JURISDICTION

10.   28 U.S.C. § 1332 governs diversity jurisdiction.  Section 1332(a) gives federal courts original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs."

### A. Diversity of Citizenship

11.   Section 1332(a) requires "complete diversity" of citizenship, meaning "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

12.   For purposes of federal diversity jurisdiction, a corporation is deemed a citizen of the state where it is incorporated *and* the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).

13.   As alleged in the Amended Complaint, "Allstate . . . is a stock company with its home in Northbrook, Illinois, and which does business in Alabama."  (See "Exhibit A," at ¶ 1.)   According to business records maintained by Alabama Secretary of State, Allstate is also incorporated in the State of Illinois. (See "Exhibit F," Alabama Secretary of State Business Entity Records for Allstate Insurance Company); *see also Sutton v. Allstate Ins. Co.*, No. 3:15CV54, 2015 WL 1913624, at *1 (M.D. Pa. Apr. 27, 2015) (finding Allstate Insurance Company is incorporated under the laws of the State of Illinois with its principal place of

4

business in Illinois for purposes of diversity jurisdiction); *Deleski Ins. Agency, Inc. v. Allstate Ins. Co.*, No. CIV. 13-1780 JRT/JJK, 2013 WL 6858573, at \*1 (D. Minn. Dec. 30, 2013) (wherein Allstate Insurance Company represented it is incorporated and operates its corporate offices in Illinois in a notice of removal).

14.     As indicated in the Amended Complaint, Defendant Interline Brands is a corporation organized under the laws of the State of New Jersey.  (See "Exhibit A," at ¶ 3; see "Exhibit G," Affidavit of Joe Cangelosi, at ¶ 2.)  Interline maintains its principal place of business in the State of Florida.  (See "Exhibit G," at ¶ 2.)

15.     Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants is disregarded in determining whether an action is removable on diversity grounds.

16.     Accordingly, "complete diversity" of citizenship exists because Interline, the only named defendant in this action, is not a corporate citizen of the State of Illinois.

**B. Amount in Controversy**

17.     The amount in controversy in this action plainly exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs, because Allstate specifically requests a judgment in the amount of $78,570.79.  (See "Exhibit A," at ¶ 11 and pg. 5.)

## REMOVAL IS TIMELY AND PROPER

18.   28 U.S.C. § 1446(b)(1) provides, in pertinent part:  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."   Furthermore, pursuant to 28 U.S.C. § 1446(b)(2)(B), "*[e]ach* defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."

19.   Allstate executed service of process of the Amended Complaint on Interline on September 28, 2015. (See "Exhibit H," Interline's Return of Service.) Interline has filed the instant Notice of Removal on October 28, 2015.  Therefore, this Notice of Removal has been timely filed within the thirty (30) day deadline prescribed by Sections 1446(b)(1) and (b)(2)(B).

20.   Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal along with a Notice of Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Jefferson County, Alabama, and served upon counsel for Allstate pursuant to 28 U.S.C. § 1446(d).  (See "Exhibit I," Notice of Notice of Removal.) Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action is properly removed to this court.

6

21.    By filing this Notice of Removal, Defendant Interline does not waive any of its defenses, including but not limited to any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Interline Brands, Inc. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been satisfied.

Respectfully Submitted,

F. Tucker Burge, Jr. (ASB-4462-R80B)
J. Mitchell Frost, Jr.  (ASB-1252-040J)
*Attorneys for Defendant, Interline Brands, Inc.*

OF COUNSEL:
Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama  35242
Ph:  (205)879-8722
Fax: (205) 879-8831
E-mail: jmf@ffmylaw.com
         ftb@ffmylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on the following counsel of record by placing a true and correct copy of same in the United States Mail, First Class postage prepaid and properly addressed on this the 28th day of October, 2015.

Shay Click-Reynolds
Massey, Stotser & Nichols, PC
1780 Gadsden Highway
Birmingham, Alabama 35235
(205) 838-9000
*Attorney for Plaintiff*

OF COUNSEL